IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>               Plaintiff,<br><br>    vs.<br><br>L.B. FOSTER COMPANY,<br><br>               Defendant. | **4:11CV3076**<br><br>**MEMORANDUM AND ORDER** |

      The complaint filed by plaintiff BNSF Railway Company ("BNSF") alleges that on January 22, 2008, BNSF train number CCDMKCL003 departed from Edgemont, South Dakota, and derailed while passing over a defective insulated joint near Ardmore, South Dakota.  BNSF alleges that the defective insulated joint was manufactured and sold by the Defendant, L.B. Foster Company ("L.B. Foster") and installed on BNSF track located near Ardmore, South Dakota in June of 2003.

      BNSF filed suit against L.B. Foster in May 19, 2011 to recover the damages caused by the derailment.  L. B. Foster has moved for summary judgment, claiming the plaintiff's claims are barred by the statute of limitations.  L.B. Foster asserts South Dakota law governs this case, and therefore the plaintiff's claims are barred by South Dakota's three-year statute of limitations.  BNSF claims Nebraska law applies, and therefore this case was timely filed within Nebraska's four-year limitations period.

      Pending before me is L.B. Foster's motion to stay discovery or, if discovery is not stayed, to file a third party complaint against Herzog Services, Inc.  L.B. Foster requests a stay because the discovery will be both expensive and unnecessary if the defendant prevails on summary judgment.  BNSF objects to staying discovery, claiming L.B. Foster has been uncooperative in scheduling depositions, particularly the deposition of its Rule 30(b)(6) representative, Sidney Shue.  BNSF has offered evidence showing it has

unsuccessfully attempted to schedule Shue's deposition since February of 2012. Filing No. 52-1. Counsel for BNSF states:

> Attorneys representing the defendant have resisted and delayed BNSF's attempts to schedule these depositions. They have represented that they will aid counsel for BNSF in scheduling these depositions by agreement of the parties and then have failed to do so with the result that these depositions have not yet been taken, and BNSF has been unfairly surprised and prejudiced by the pending Motion for Summary Judgment based on testimony from the very person it has been seeking to depose for four months. Affiant is still trying to schedule these depositions and upon information and belief, Mr. Shue and the appropriate corporate designee will be able to provide testimony regarding the manufacture, sale and shipment of the insulated joint at issue in this case; ISO certification which is relevant to BNSF's fraud and misrepresentation claims; the relationship between the defendant and the purported manufacturer Midwest Rail Company; the information and knowledge of key personnel at L.B. Foster regarding representations made by defendant to BNSF, warranties, quality management systems (also pertinent to BNSF's fraud and misrepresentation claims); and the contacts between the defendant and Nebraska or South Dakota.

Filing No. 52-1, at CM/ECF p. 2, ¶ 5.

The defendant did not file a brief in support of its motion to stay, (see NECivR 7.0.1(a)(1)(A)), and has offered nothing to refute BNSF's factual assertions. L.B. Foster did offer Shue's affidavit in support of its motion for summary judgment. Filing No. 44-2.[1] Shue testifies, by affidavit, regarding the transactions and contracts between BNSF and L.B. Foster, ending with the statement "L.B. Foster is not aware of any contracts between BNSF and L.B. Foster, pertaining to insulated rails, being entered into in Nebraska or being governed by Nebraska law." Filing No. 44-2, at CM/ECF p. 2.

---

[1] In an email dated May 24, 2012, defense counsel stated he "hope[d] to "speak to Shue in the next couple of days." Filing No. 52-3, at CM/ECF p. 3. Shue's affidavit was signed on May 31, 2012, (filing no. 44-2). L.B. Foster's summary judgment motion was filed only a week after BNSF's last request for a Shue deposition date.

BNSF has been unable to depose Shue, or test the assertions in his affidavit through cross-examination. Specifically, BNSF has not had an opportunity to examine L.B. Foster's claim that a 1998 agreement which, by its terms, ended in March 2001 controls the parties' relationship and dealings regarding the 2003 purchase of an allegedly defective insulated joint. BNSF further explains, with specificity, why the deposition of Shue is needed to adequately respond to the defendant's summary judgment motion.

> Some of the facts . . . . (including L.B. Foster's connections with Nebraska, South Dakota or other states; evidence concerning the terms, scope and content of any applicable agreement between BNSF and L.B. Foster; and rebuttal evidence concerning Mr. Shue's off-hand comment in his Affidavit that the parties continued to act upon the 1998 agreement) are directly pertinent to a determination by the Court as to what law governs this case (which is of utmost relevance in defending against the defendant's Motion for Summary Judgment).

Filing No. 52-1, at CM/ECF p. 4.

Based on the undisputed facts of record, the defendant's motion to stay discovery will be denied. See Davis v. Witt, 81 F.3d 89, 91 (8th Cir. 1996) (holding the district court abused its discretion by ruling on the opposing party's summary judgment while it was effectively staying and denying the nonmovant's access to potentially relevant discovery).

As an alternative, L.B. Foster seeks leave to file a third party complaint against Herzog. BNSF has not opposed this portion of the defendant's motion. The proposed third party complaint alleges that prior to the derailment, Herzog operated rail detection equipment over the track at issue, and if a defect existed, Herzog should have located the defect and notified BNSF. L.B. Foster claims that assuming the insulated joint was defective, Herzog's failure to adequately inspect

3

the track was a proximate cause of the derailment. Filing No. 46.

The proposed third party complaint is sufficiently related to the primary action. L.B. Foster's motion for leave to file a third party complaint will be granted.

Accordingly,

IT IS ORDERED that defendant's "Motion to Extend Scheduling Deadlines until Defendant's Motion for Summary Judgment is Ruled Upon or in the Alternative Defendant's Motion for Leave to File a Third-Party Complaint, (filing no. 46), is granted in part and denied in part as follows:

1) The defendant's motion to stay discovery pending a ruling on defendant's motion for summary judgment is denied.

2) The defendant's motion for leave to file a Third Party Complaint is granted, and the defendant's Third Party Complaint, a copy of which is attached to its motion, shall be filed on or before July 9, 2012.

Dated this 2nd day of July, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge