IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | 4:11CV3076 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S MOTION FOR LEAVE TO |
| v. | ) | OFFER ADDITIONAL EVIDENCE IN |
| | ) | OPPOSITION TO THE DEFENDANT'S |
| L.B. FOSTER COMPANY, | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND TO DELAY DECISION OF THE |
| Defendant. | ) | MOTION PENDING THE OFFER |
| | ) | |

On August 5, 2011, Plaintiff BNSF Railway Company (BNSF) filed a six-count amended complaint against Defendant L.B. Foster Company (Foster). (ECF No. 15.) On June 1, 2012, Foster filed a motion for summary judgment on BNSF's complaint, arguing generally that BNSF's claims are barred by the applicable statutes of limitations. (See Def.'s Br. Supp. Mot. for Summ. J., ECF No. 45; see also Mot. for Summ. J., ECF No. 43.) On that same day, Foster also filed a "Motion to Halt Discovery and Extend Scheduling Deadlines until Defendant's Motion for Summary Judgment is ruled upon or in the Alternative Defendant's Motion for Leave to File a Third Party Complaint." (ECF No. 46.) On June 13, 2012, BNSF filed a brief in opposition to Foster's motion to stay discovery, (ECF No. 48), and moved to extend the deadline for filing a brief in opposition to Foster's motion for summary judgment, (ECF No. 50).[1] In both its opposition to Foster's motion to stay discovery and in its motion to extend the deadline for responding to Foster's motion for summary judgment, BNSF argued that it must be allowed to depose both Foster's Rule 30(b)(6) corporate designee and Sidney Shue, General Manager of Foster's Allegheny Rail Products Division, in order "to obtain evidence which will support BNSF's allegations in this case and information pertinent to choice of law issues raised by defendant's Motion for Summary Judgment." (BNSF's Motion to

---

[1] BNSF also sought an extension of the deadline for adding parties and amending the pleadings. (See generally ECF No. 50.)

1

Extend at 1-2, ECF No. 50; see also BNSF's Br. in Opp'n to Foster's Mot. to Stay Discovery at 4, ECF No. 48.)[2]

On July 2, 2012, United States Magistrate Judge Cheryl R. Zwart issued a memorandum and order denying Foster's motion to stay discovery. (ECF No. 57.)[3] In denying Foster's motion, Judge Zwart noted that BNSF "has unsuccessfully attempted to schedule Shue's deposition since February 2012," that Shue has testified by affidavit in support of Foster's motion for summary judgment, and that BNSF has explained "why the deposition of Shue is needed to adequately respond to the defendant's summary judgment motion. (Id. at 2-3. See also id. at 3 (citing Davis v. Witt, 81 F.3d 89, 91 (8th Cir. 1996) (Garth, J., concurring) (stating that the district court abused its discretion by ruling on the opposing party's motion summary judgment motion while it was effectively staying the case and denying the nonmovant's access to potentially relevant discovery)).)

On July 5, 2012, I entered an order denying BNSF's motion to extend as moot. (ECF No. 58.) In this order, I noted that BNSF filed a timely opposition to Foster's motion for summary judgment on June 22, 2012. (See id. at 1.) My order does not address the issue of whether BNSF should have leave to supplement its opposition brief after it completes the necessary discovery, however. Nor does my order properly address whether BNSF's request to extend the deadline to amend the pleadings or add parties should be granted.[4]

Now before me is BNSF's "Motion for Leave to Offer Additional Evidence in Opposition to the Defendant's Motion for Summary Judgment and to Delay Decision of the Motion Pending the Offer." (ECF No. 66.) This motion will be granted. As BNSF correctly notes, "[a]lthough

---

[2] In addition, BNSF noted in its brief in opposition to Foster's motion for summary judgment that it lacked "information sufficient to either admit or deny" material facts alleged by Foster and that BNSF had requested time to depose Sidney Shue and Foster's corporate designee. (See BNSF's Response to Foster's Mot. for Summ. J. at 4, ECF No. 54.) BNSF filed its brief on June 22, 2012, without the benefit of a ruling on its motion to extend the deadline.

[3] Judge Zwart granted Foster's "alternative" motion for leave to file a third party complaint. (See generally ECF No. 57.)

[4] My order merely notes that Foster's request for leave to file a third party complaint was granted by the magistrate judge; it does not resolve whether BNSF should be granted leave to amend the pleadings or add parties.

discovery does not have to be completed before a district court can grant summary judgment, summary judgment is proper only after the nonmovant has had adequate time for discovery." (BNSF's Br. at 6, ECF No. 67 (quoting Ray v. American Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010)) (internal quotation marks omitted). See also id. at 1-2 (discussing the availability of relief under Federal Rule of Civil Procedure 56(d)).) BNSF has established that it cannot present facts essential to its opposition to Foster's summary judgment motion without having the opportunity to depose Foster's corporate designee and Sidney Shue, and it has shown that it has made diligent efforts to complete those depositions. I shall not resolve Foster's motion for summary judgment until after BNSF has completed the necessary discovery and supplemented its response to Foster's motion. Upon request, Foster shall have leave to submit a concise reply to BNSF's supplement.

I also find that my order of July 5, 2012, (ECF No. 58), should be rescinded in its entirety. I erred by denying BNSF's motion to extend as moot without determining whether BNSF should have leave to complete the requested discovery and supplement its response to Foster's summary judgment motion. I also erred by treating BNSF's motion to amend the pleadings or to add parties as if it had been resolved by the magistrate judge. The instant order should help to correct the first error. Regarding the second, I find that BNSF shall have leave to re-file its motion to amend the pleadings or to add parties, if it so chooses.

**IT IS ORDERED** that BNSF's Motion for Leave to Offer Additional Evidence in Opposition to the Defendant's Motion for Summary Judgment and to Delay Decision of the Motion Pending the Offer, ECF No. 66, is granted.

**IT IS FURTHER ORDERED** that the Order on Motion to Extend Deadline for Plaintiff to File Brief and Evidence In Opposition to the Defendant's Motion for Summary Judgment and to Amend the Pleadings, ECF No. 58, is recinded.

Dated August 20, 2012.

                            BY THE COURT

                            _____

                            Warren K. Urbom
                            United States Senior District Judge